**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:  (406) 657-6101
FAX:    (406) 657-6989
Email:  Colin.Rubich@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **TIANNA MARIE PANTALION,** Defendant. | CR 18-123-BLG-SPW **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |

The United States of America, represented by Assistant United States Attorney Colin M. Rubich, files its response to the defendant's sentencing memorandum.

## **RECOMMENDATION**

Tianna Pantalion is a distributor of methamphetamine who has been involved with substance abuse for an extended period of time.   She was a member of a drug trafficking conspiracy that is responsible for bringing hundreds of pounds of methamphetamine into the Billings community.   Her crime was serious and she is deserving of a significant sentence.   Given her history and characteristics, there is nothing about this case that warrants a deviation from the guidelines.   As such, the United States believes a sentence 63 months, at the low end of the guideline, is a sufficient but not greater than necessary sentence to accomplish the purpose of sentencing as defined in 18 U.S.C. § 3553(a).

When she was arrested, the defendant was in possession of 45 grams of pure methamphetamine. This is not an insignificant amount.   Though she was not the leader of the trafficking conspiracy, she was a vital component in making it operate.   A conspiracy of this size does not exist without people like the defendant.   She and several other individuals were the avenue by which vast amounts of meth ultimately arrived in the hands of individual users.   Though she was also an addict, this does not indemnify her from responsibility here.

Moreover, her history and characteristics are such that 63 months is appropriate.   Clearly, the defendant has been heavily involved with meth use for

some time. She needs a series of measures that will break the clear cycle of addiction that she is experiencing. Certainly, one of those measures is treatment. As such, the United States strongly recommends the RDAP program. Nevertheless, treatment alone is insufficient. A defendant like this needs to be presented with a stark choice: your addiction or your freedom. To truly impart that message, the defendant needs a sufficiently lengthy sentence to show how dire this choice is.

A sentence of 63 months is therefore perfect. It is a serious sentence of significant length but still short enough to motivate the defendant to change before she is subjected to a sentence of decades or more. The sentence also guarantees that the defendant will have time to complete the RDAP program. This will give her the vital treatment that she needs and also gives her the chance to further reduce her sentence if she successfully completes the program.

A sentence of 36 months is insufficient and sends the wrong message. This defendant has committed a serious crime with serious consequences. A sentence of 36 months does not communicate that fact, and risks leaving the defendant with the false impression that activities like these wont ultimately lead to very long prison terms if she continues on her current course. Furthermore, a sentence of 36 months is so short that it is uncertain she if she would even be able to participate in

RDAP. The defendant may desire such a short sentence, but it would not be in her best interest.

In the end, there is simply no special circumstance that would justify a significant departure from the guidelines for this defendant. A sentence of 63 months is a just punishment, and, with the aid of the RDAP program, a sentence that will hopefully rehabilitate this defendant before she ends up incarcerated for decades. Given these considerations, the United States requests the court to sentence the defendant to 63 months of incarceration, followed by 4 years of supervised release.

DATED this 30th day of May, 2019.

                                        KURT G. ALME
                                      United States Attorney

                                      */s/ Colin M. Rubich*
                                      COLIN M. RUBICH
                                      Assistant U. S. Attorney

CERTIFICATE OF SERVICE
L.R. 5.2(b)

\* \* \*

I hereby certify that on May 30, 2019 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1, 2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Brian Fay
   Attorney for Defendant
   brian@angelcoilbartlett.com

                                         _/s/ Colin M. Rubich_
                                         COLIN M. RUBICH
                                         Assistant U. S. Attorney